

**07 CV 3564**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT RYERSON, Individually
and on Behalf of All Other
Persons Similarly Situated,

                            Plaintiffs,

      -against-

MERRILL LYNCH & CO., INC. and MERRILL
LYNCH, PIERCE, FENNER & SMITH, INC.

                           Defendants.

------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

Case No.:

MAY 0 4 2007

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, Robert Ryerson was, at all relevant times, an adult individual, residing in Flushing, New York.

7. (a) Upon information and belief, Merrill Lynch & Co., Inc. is a Delaware corporation, with its principal place of business at 4 World Financial Center, 250 Vesey St., City, County, and State of New York.

(b) Upon information and belief, Merrill Lynch, Pierce, Fenner & Smith, Inc. is a wholly owned subsidiary of Merrill Lynch & Co., Inc. and both will collectively be referred to as Defendants.

## COLLECTIVE ACTION ALLEGATIONS

8. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in its purchase and sales department in positions including, but not limited to: supervisors and assistant vice presidents at any time since April 25, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were misclassified as salaried employees exempt from the overtime provisions of the FLSA. These non-exempt employees of the Defendants were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

9. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 100 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

10. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

11. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

12. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

    b. whether Defendants' operations center support staff were improperly and uniformly classified as exempt, in violation of the FLSA;

    c. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

    d. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    e. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

    f. whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder by virtue of its uniform designation of claims analysts as exempt;

    g. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    h. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    i. whether Defendants should be enjoined from such violations of the FLSA in the future.

13.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS RELATING TO THE COLLECTIVE ACTION MEMBERS AND THE CLASS

14. At all relevant times, Defendants provided capital market services, investment banking and advisory services, wealth management, asset management, insurance, banking and related products and services on a global basis in 36 countries including the United States and the State of New York. Upon information and belief Defendants manage over $1.6 Trillion in client funds, have annual revenue exceeding $22 Billion, is rated number 58 by "Fortune" and employ over 50,000 people.

15. From 1980 until November 2004, Defendants employed Plaintiff in various support positions the Defendants' purchase and sales department at the Defendants' corporate center, supporting North America operations located in Jersey City, New Jersey. In 1997, he was given the title of "supervisor" in the Defendants' Jersey City purchase and sales office.

16. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

17. Plaintiff's primary duty did not include work requiring the exercise of discretion and independent judgment. Instead, it involved clearing bond and over the counter stock trades and balancing such trading accounts, responding to customer emails and correspondence, handling pair-offs and balancing accounts.

18. Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA. Instead, they were paid a weekly amount as a salary regardless of whether they worked in excess of forty hours a week.

19. Throughout Plaintiff's employment by Defendants and, upon information belief, both before that time and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members) in positions that did not require the exercise of discretion and independent judgment.

20. Such individuals have worked in excess of forty hours a week or more, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

21. During the course of Plaintiff's own employment, and while Defendants employed Plaintiff and the Collective Action Members, the Defendants failed to maintain accurate and sufficient time records.

22. Throughout all relevant time periods, upon information and belief, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

23. Plaintiff, on behalf of himself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 24 as if they were set forth again herein.

24. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

26. Upon information and belief, at all relevant times, Defendants have had annual gross revenues in excess of $500,000.

27. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

28. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

29. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

30. As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

32. Due to the Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from the Defendants, their unpaid overtime

compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid overtime compensation due under the FLSA;

e.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.  An award of prejudgment and postjudgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       May 2, 2007

By: _____
Fran L. Rudich (FR 7577)

Seth R. Lesser (SL 5560)
Fran L. Rudich (FR 7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838-5357
www.lockslaw.com

Jeffrey M. Gottlieb
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

Brian L. Bromberg, Esq.
BROMBERG LAW OFFICE, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 248-7906
Facsimile: (212) 248-7908

**ATTORNEYS FOR PLAINTIFF**