Terry E. Sanchez
(Cal. State Bar No. 101318 - *pro hac vice to be filed*)
Katherine M. Forster
(Cal. State Bar No. 217609 - *pro hac vice to be filed*)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

A. Michael Weber

LITTLER MENDELSON, P.C.
885 Third Avenue
16th Floor
New York, New York 10022-6022
Telephone: (212) 583-9600
Fax: (212) 832-2719

Attorneys for Defendants Merrill Lynch & Co., Inc., and
Merrill Lynch, Pierce, Fenner & Smith Incorporated

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT RYERSON, Individually and on Behalf Of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>- against -<br><br>MERRILL LYNCH & CO, INC. and MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.<br><br>Defendants. | CASE NO.: 07 CV 3564-RWS<br><br>**ANSWER OF DEFENDANTS MERRILL LYNCH & CO., INC. AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED** |

3110822.1

Defendants Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith Incorporated (collectively "Merrill Lynch"), as and for their Answer to the Complaint of Plaintiff filed May, 4, 2007 (the "Complaint"), hereby:

1. With respect to the allegations of paragraph 1, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

2. With respect to the allegations of paragraph 3, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied, except Defendants admit that this Court has jurisdiction over this action in whole or in part.

3. With respect to the allegations of paragraph 4, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

4. With respect to the allegations of paragraph 5, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

5. With respect to the allegations of paragraph 6, state that Defendants are without information and belief sufficient to admit or deny and, on that basis deny, except admit that Plaintiff Robert Ryerson was an adult individual.

6. (a) With respect to the allegations of paragraph 7(a), state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, admit that Merrill Lynch & Co.,

Inc. is a Delaware corporation with its headquarters located in the World Financial Center, 250 Vesey St. in the City, County and State of New York.

      (b)    Admit the allegations of paragraph 7 (b).

7. With respect to the allegations of paragraph 8, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

8. With respect to the allegations of paragraph 9, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

9. With respect to the allegations of paragraph 10, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

10. With respect to the allegations of paragraph 11, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

11. With respect to the allegations of paragraph 12 (and all subparts), state that such allegations set forth a legal conclusion to which no response is necessary. To the extent a response is deemed required, however, these allegations are denied, including, specifically, that the allegations in subpart (b) and (f) of paragraph 12 pertaining to "operations center support staff" and "claims analysts" respectively, are applicable to Plaintiff or any of the alleged "Collective Action Members." Responding further, Merrill Lynch affirmatively states that collective action treatment of this action is inappropriate.

12. With respect to the allegations of paragraph 13, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, these allegations are denied.

13. Deny the allegations of paragraph 14, except admit that during some or all of the time relevant to this action, Defendants, individually and/or collectively, provided capital market services, investment banking and advisory services, wealth management, asset management, insurance, banking and related products and services, in approximately 35 countries in 2005 including the United States and the State of New York; that Defendants, individually and/or collectively, manage over $1.6 trillion in client funds, have annual revenues exceeding $22 billion, were rated number 58 by "Fortune" in 2004 and employ over 50,000 people worldwide.

14. Deny the allegations of paragraph 15, except admit Plaintiff was employed by Merrill Lynch, Pierce, Fenner & Smith Incorporated in Jersey City, New Jersey, from 1980 to on or about November 2004, and that he was a supervisor in the Jersey City office during the relevant period covered by this action.

15. With respect to the allegations of paragraph 16, admit that Plaintiff's work was performed in the normal course of Merrill Lynch, Pierce, Fenner & Smith Incorporated's business. State that the allegation "and was integrated into the business of the Defendants" is vague and ambiguous and deny it on that basis.

16. Deny the allegations of paragraph 17, and affirmatively allege that Plaintiff's primary duty during the time within the statutory limitations period was to supervise the activity of other employees.

17. Deny the allegations of paragraph 18, except admit that Plaintiff was paid a salary.

18. Deny the allegations of paragraph 19.

19. Deny the allegations of paragraph 20.

20. With respect to the allegations of paragraph 21, state that to the extent such allegations consist of statements and/or conclusions of law, no responsive pleading is required. To the extent a response is deemed required, however, the allegations are denied.

21. Deny the allegations of paragraph 22.

22. With respect to paragraph 23, repeat and reallege the applicable responses contained herein.

23. Admit the allegations of paragraph 24.

24. With respect to the allegations of paragraph 25, state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, however, the allegations are denied except admit that Merrill Lynch, Pierce, Fenner & Smith Incorporated employed Plaintiff for some part of the allegedly relevant time period.

25. Admit the allegations of paragraph 26.

26. State that Defendants are without sufficient information or belief to admit or deny the allegations of paragraph 27, and on that basis deny these allegations, except deny that any written consent was attached to the Complaint they obtained.

27. Deny the allegations of paragraph 28, except admit that Defendants do not pay overtime compensation to employees who are exempt from the overtime requirements of the FLSA and applicable state law.

28. Deny the allegations of paragraph 29.

29. Deny the allegations of paragraph 30.

30. Deny the allegations of paragraph 31.

31. Deny the allegations of paragraph 32.

Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following separate and independent affirmative defenses:

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

32. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

33. Each cause of action in the Complaint is barred, in whole or in part, by the applicable statute of limitations, including but not limited to 29 U.S.C. § 255(a) or other applicable law.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

34. Each cause of action in the Complaint is barred, in whole or in part, because at all relevant times Plaintiff and others allegedly similarly situated were exempt from entitlement to overtime compensation under the exemptions set forth in sections 7 and 13 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and/or other applicable law including, but not limited to, the exemptions for employees working in a "retail or service establishment," "bona fide administrative capacity," "bona fide executive capacity," "bona fide professional capacity," "executive" capacity, "administrative" capacity and/or "professional" capacity.

### AS AND FOR A
### FOURTH AFFIRMATIVE DEFENSE

35. To the extent that Plaintiff alleges that his job duties and the duties of others allegedly similarly situated were primarily non-exempt in nature, the duties that Merrill Lynch, Pierce, Fenner & Smith Incorporated required and reasonably expected Plaintiff and others allegedly similarly situated to perform were primarily exempt in nature.

### AS AND FOR A
### FIFTH AFFIRMATIVE DEFENSE

36. The time for which Plaintiff and others seek overtime compensation is not compensable working time under the FLSA.

### AS AND FOR A
### SIXTH AFFIRMATIVE DEFENSE

37. Each cause of action in the Complaint is barred, in whole or in part, by unavailability of the relief requested, including without limitation, the unavailability of damages, interest and/or attorney fees. Specifically, and among other things, claims for liquidated damages under the FLSA are precluded by the "good faith" defense set forth in 29 U.S.C. § 260 and 29 C.F.R. § 790.22(b).

### AS AND FOR A
### SEVENTH AFFIRMATIVE DEFENSE

38. To the extent Defendants engaged in any alleged wrongful conduct, such conduct was undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal law or other applicable law.

## AS AND FOR A
## EIGHTH AFFIRMATIVE DEFENSE

39. Each cause of action is barred, in whole or in part, because Plaintiff and others allegedly similarly situated have not sustained any injury or damage by reason of any act or omission of Defendants.

## AS AND FOR AN
## NINTH AFFIRMATIVE DEFENSE

40. Each cause of action is barred, in whole or in part, because if Plaintiff and others allegedly similarly situated were damaged in any way as a result of the matters alleged in the Complaint, the damage or injury was due wholly to their own conduct.

## AS AND FOR A
## TENTH AFFIRMATIVE DEFENSE

41. Each cause of action is barred, in whole or in part, because Plaintiff lacks standing to pursue the claim.

## AS AND FOR A
## ELEVENTH AFFIRMATIVE DEFENSE

42. Plaintiff cannot establish that any of his claims are appropriate to proceed on a representative and/or collective action basis.

## AS AND FOR AN
## TWELFTH AFFIRMATIVE DEFENSE

43. To the extent that Plaintiff and others allegedly similarly situated were paid compensation beyond that to which they were entitled while employed by Merrill Lynch, Pierce, Fenner & Smith Incorporated, such additional compensation would satisfy in whole or part any alleged claim for unpaid overtime or other monetary relief.

## AS AND FOR AN
## THIRTEENTH AFFIRMATIVE DEFENSE

44. Upon information and belief, Defendants allege that Plaintiff is barred and precluded from any relief on his Complaint because he has failed and refused to mitigate his damages, if any.

## AS AND FOR A
## FOURTEENTH AFFIRMATIVE DEFENSE

45. Each cause of action in the Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

## AS AND FOR A
## FIFTEENTH AFFIRMATIVE DEFENSE

46. Each cause of action is barred, in whole or in part, because Plaintiff signed a release of all claims against Merrill Lynch to the broadest extent permitted by law.

Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates they would be appropriate.

//

//

//

//

//

//

//

//

WHEREFORE, Defendants respectfully requests that judgment be entered:

1. Dismissing the Complaint with prejudice;

2. Granting Defendants their costs and attorneys fees incurred herein pursuant to relevant statutes; and

3. Granting Defendants such other and further relief as the Court may deem just and proper.

Dated: June 13, 2007

          LITTLER MENDELSON, P.C.

By: *A. Michael Weber*
A. Michael Weber (AW 8760)
LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, New York 10022-6022
(212) 583-9600

Attorneys for Defendants Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith Incorporated

MUNGER, TOLLES & OLSON LLP
Terry E. Sanchez
(Cal. State Bar No. 101318 - *pro hac vice to be filed*)
Katherine M. Forster
(Cal. State Bar No. 217609 - *pro hac vice to be filed*)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone:(213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith Incorporated