UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT RYERSON, Individually and on Behalf Of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>- against -<br><br>MERRILL LYNCH & CO, INC. and MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.<br><br><br>Defendants. | CASE NO.:  07 CV 3564-RWS<br><br><br>**JOINT RULE 26(F) REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's July 3, 2007, Pretrial Order, the parties submit this Joint Report.  In preparation for this filing, the parties met telephonically on August 14, 2007.

## I.    FEDERAL RULE OF CIVIL PROCEDURE 26(F)

### A.    Initial Disclosures

Pursuant to Rule 26(a), the parties have exchanged initial disclosures.

### B.    Subjects and Timing of Discovery

The parties agree that the subjects of discovery should include Plaintiff's duties and compensation and the appropriateness of collective action certification.

The parties disagree as to whether discovery in this matter should be bifurcated. Plaintiff contends that all discovery should be completed before the issue of collective action certification is resolved. Defendant contends that discovery should proceed at this time only as to Plaintiff's individual claim and any additional discovery necessary to resolve the question of collective action certification.

The parties do agree, subject to the Court's approval and resolution of the bifurcation issue, to a fact discovery cut-off date of April 30, 2008.

## C.    Discovery of Electronically Stored Information ("ESI")

The parties disagree about the appropriate scope of discovery of ESI at this time. Plaintiff seeks discovery of payroll records and emails for the entire putative collective action class. Defendant has agreed to find out the form in which these records and emails are stored, but Defendant believes that electronic discovery at this time should be limited to payroll records and certain emails related to Plaintiff. Defendant has proposed that Plaintiff provide a list of individuals with whom he had email correspondence regarding matters relevant to the issues in this lawsuit so that email correspondence between him and those individuals can be produced. Defendant has also asked that Plaintiff define his proposed class in order to understand better the scope of the parties' dispute about the production of payroll records and email for additional putative collective action class members. Defendant believes that Plaintiff should bear all or a significant portion of the cost for the production of ESI pertaining to putative collective action class members prior to any certification of a collective action class.

Plaintiff believes that Defendant should produce all emails related to the subject matter of this litigation, regardless of the sender and recipient. It is also Plaintiff's position that

Defendant should produce electronic discovery of all payroll information related to those employees with the same or similar positions, jobs or job titles.

Once the scope of ESI discovery is determined, the parties will confer about the potential need for search term filtering and, if needed, to discuss specific search terms.

### D.    Claims of Privilege or Protection

The parties do not anticipate any unique or particular issues related to claims of privilege.

### E.    Changes in Discovery Limitations

The parties agree that no changes should be made to the limitations on discovery imposed under the Federal Rules or Local Rules.

Dated:  September    , 2007

LITTLER MENDELSON, P.C.

By:_A. Michael Weber_
A. Michael Weber (AW 8760)
885 Third Avenue, 16th Floor
New York, New York 10022-6022
(212) 583-9600

MUNGER, TOLLES & OLSON LLP
Terry E. Sanchez
(Cal. State Bar No. 101318 - *pro hac vice to be filed*)
Katherine M. Forster
(Cal. State Bar No. 217609 - *pro hac vice to be filed*)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, CA  90071-1560
(213) 683-9100

*Attorneys for Defendants Merrill Lynch & Co., Inc.,*

*and Merrill Lynch, Pierce, Fenner & Smith Incorporated*

LOCKS LAW FIRM, PLLC

By: Fran Rudich
Fran L. Rudich (FR 7577)
110 East 55th Street, 12th Floor
New York, New York 10022
(212) 838-3333

BROMBERG LAW OFFICES
Brian L. Bromberg
40 Exchange Place
New York, New York 10005
(212) 24807906

*Attorneys for Plaintiff*
*Robert Ryerson*