*Sweet* T

Terry E. Sanchez (Cal. State Bar No. 101318)
(*admitted pro hac vice*)
Katherine M. Forster (Cal. State Bar No. 217609)
(*admitted pro hac vice*)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

A. Michael Weber (AW 8760)
LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, New York 10022-6022
Telephone: (212) 583-9600
Facsimile: (212) 832-2719



Attorneys For Defendants Merrill Lynch & Co., Inc. and
Merrill Lynch, Pierce, Fenner & Smith Incorporated



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT RYERSON, Individually and on Behalf Of All Other Persons Similarly Situated,

Plaintiff,

-against-

MERRILL LYNCH & CO., INC. and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,

Defendants.

NO. 07 CV 3564-RWS

STIPULATION AND ORDER RE CONFIDENTIALITY

(Judge Sweet)

4267825 1

WHEREAS, Plaintiff Robert Ryerson has requested production by Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") of certain documents, including personnel manuals, employee handbooks, company policies, client information, employee information, and other documents relating to Plaintiff's employment with Merrill Lynch and Merrill Lynch's business;

WHEREAS, Merrill Lynch has asserted that information contained therein is confidential and proprietary information not in the public domain and would potentially infringe individual privacy rights and undermine Merrill Lynch's competitiveness in the marketplace if such information was unnecessarily disclosed;

WHEREAS, one party to this action may in the future request that the other party produce documents in this litigation which said party contends are proprietary, private and/or confidential;

WHEREAS, in order to expedite discovery in this action, while protecting the above-referenced documents and information from unrestricted disclosure to or discovery by third parties, the parties have agreed to production of documents and information upon the terms and conditions specified herein.

NOW, THEREFORE,

IT IS HEREBY STIPULATED by and among the parties hereto, through their respective counsel of record, as follows:

1.    For the purpose of this Stipulation, "information" is defined broadly to include information in any form, whether provided in response to a request for information or an interrogatory, in documents, or in testimony. "Document" is defined broadly to include tangible paper as well as information stored electronically on disc, tape or otherwise.

2.    The parties acknowledge that they will be exchanging confidential or proprietary information solely because they are parties to the above-captioned case and therefore agree that all information exchanged between them that is designated as confidential will be used only for purposes of this case and any litigation or arbitration relating to the claims alleged in this action and/or alternative dispute resolution efforts between the parties hereto and for no other purpose.

3.    A party may mark any document, or any portions of any document, or any discovery responses, or any transcript or portions of any transcript, produced by that party in discovery as "Confidential" on the face of the document along with an indication identifying the producing party.

4.    In lieu of creating an alternative designation of "Confidential: Attorney's Eyes Only" documents, the parties agree that a party may redact any document, or any portions of any document, or any discovery responses, or any transcript or portions of any transcript, produced by that party in discovery falling into the following categories:

(a)     The following information regarding third parties, witnesses or other individuals not a party to this action: name, address, Social Security number, date of birth, medical records, telephone records/numbers, wage and benefit data, account numbers, tax records, and other financial information such as credits, loans, or other business transactions, assets, and/or income data;

(b)     All documents contained in Merrill Lynch employee personnel or other files, other than the personnel file of Robert Ryerson (except for any client information contained in Mr. Ryerson's personnel file, which will be treated consistent with subsection (c) below); and

(c)     All documents containing names, identifiable account data, or other information referring to Merrill Lynch's current or former clients.

5.     Once a party has designated as "Confidential" any document by labeling it "Confidential" on the face of the document along with an indication identifying the producing party, as set forth in paragraphs 3 or 4, respectively, the adverse party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others listed in paragraph 10 who have received the information treat it as confidential.

6.     If the confidential information is contained in testimony offered at the hearing of the case or otherwise, the party seeking to designate the information as confidential shall do so on the record at the time the testimony is offered or as soon thereafter as practical.

7.      Information inadvertently disclosed without being designated confidential may thereafter be designated confidential by promptly notifying the party receiving the information in writing that such information is confidential and the receiving party shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who receive the information treat it as confidential.

8.      If any party receives from a third party a subpoena, discovery request or other demand for confidential information disclosed in this case, the party receiving the subpoena, discovery request or other demand for confidential information shall immediately notify the party who demanded confidential treatment that it has received a demand for the information and shall take all steps reasonably necessary to preserve the confidentiality of the information. The party seeking to preserve the confidentiality shall pay the reasonable expense of such efforts, and the party in possession of the confidential information shall reasonably cooperate with the party who designated the information as confidential in seeking a protective order or other limitation on disclosure of the confidential information.

9.      Any document, response, testimony or information which has been marked as "Confidential" may and shall be used solely for the purpose of, in connection with, and to prepare for this action. Neither the original nor any copy of any document, response, testimony or information which has been marked as "Confidential" nor any excerpt, quotation, paraphrase or other description thereof which conveys the confidential contents thereof (hereinafter all collectively referred to as "Confidential Material") shall be disclosed to any person, or used for any purpose, except in accordance with the terms of this Stipulation.

10.     Access to and disclosure of Confidential Material designated as "Confidential" shall be limited, except as otherwise provided herein, or agreed by the parties to this Stipulation, or as otherwise ordered by the Court, to the following:

     (a)     The Court;

     (b)     The parties to this action and those employees, officers and directors of the parties who reasonably need access to the Confidential Material in connection with the prosecution or defense of this action, the attorneys of record for said parties, and their associates and stenographic, clerical and paralegal employees, provided that before counsel discloses any Confidential Material counsel shall provide the person to whom the disclosure is to be made with a copy of this Stipulation and agree to abide by its terms;

     (c)     Any person whose deposition is taken in this action or who is being prepared by counsel to give testimony at deposition or trial, such persons being prohibited from the use or disclosure of Confidential Material by paragraph 11 below, and the Court reporter at any such deposition; and

     (d)     Outside experts and consultants for any party, including their stenographic and clerical personnel, whose advice or consultation is being or will be used by such party in connection with this action, provided that such outside expert or consultant first be shown a copy of this Stipulation and agree to abide by its terms.

11.     The attorneys for a party may disclose Confidential Material to any person in the course of a deposition taken in this action or in the course of preparing any witness to give testimony at deposition or trial; provided, however, that the witness first must be shown this Stipulation and agree to abide by its terms. Any deponent or witness who is not a party or an employee, officer or director of a party shall not retain the original or any copy of any such

Confidential Material and only may be shown such material. Deponents and witnesses shall make no disclosure or use of such Confidential Material, or any part thereof, except to respond to deposition questions during the course of a deposition taken in this action or at trial or otherwise in accordance with this Stipulation. Any deponent or witness who is not a party or an employee, officer or director of a party who is shown any Confidential Material shall first be provided a copy of this Stipulation and shall be informed, as part of the transcribed or reported deposition, that disclosure or other use of Confidential Material, or any part thereof, is controlled by this Stipulation and must be in accordance with this Stipulation. No copy of any portion of any deposition transcript or deposition exhibit for a deposition in this action which contains Confidential Material shall be furnished by the reporter to any person not identified in paragraph 10 above.

12.     Nothing in this Stipulation shall require disclosure of any material that a party contends is protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

13.     Entry into this Stipulation shall not and does not constitute an admission or concession or permit an inference that any document, response, testimony or information designated as "Confidential Material" is, in fact, confidential or contains Confidential Material. Conversely, any disclosure of Confidential Material under this Stipulation shall not be construed as a waiver of the confidentiality of the information.

14.     Any party, through counsel, may make a good faith written objection to the designation of any document, response, testimony or information as "Confidential Material" and may make a motion for an order compelling disclosure of and/or access to such material without restriction. Applicable New Jersey law shall govern the burden and standard of proof on any

such motion. The failure to seek to remove the confidential designation shall not be construed as a concession that the information is confidential.

15.    After termination of this action, each party shall continue to maintain and limit access and disclosure to Confidential Material in the manner provided in this Stipulation. Moreover, upon the request of the party producing and marking documents "Confidential," any other party or individual in possession of such documents will return them to the producing party.

16.    This Stipulation may be modified in part or entirely by written agreement of the parties hereto or upon application to and entry of an Order by the Court for good cause shown.

DATED: January 29, 2008          By:

                                      Terry E. Sanchez (Cal. State Bar No. 101318
                                       *admitted pro hac vice)*
                                       Katherine M. Forster (Cal. State Bar No. 217609
                                       *admitted pro hac vice)*
                                       MUNGER, TOLLES & OLSON LLP
                                       355 South Grand Avenue
                                       Thirty-Fifth Floor
                                       Los Angeles, CA 90071-1560
                                       Telephone: (213) 683-9100
                                       Facsimile: (213) 687-3702

Attorneys for Defendants Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated

                     LITTLER MENDELSON, P.C.
                     Michael Weber (AW 8260)
                     885 Third Avenue, 16th Floor
                     New York, NY 10022-6022

Attorneys for Defendants Merrill Lynch & Co. Inc., and Merrill Lynch, Pierce, Fenner & Smith Incorporated

DATED: January 28, 2008    By: _____

Fran L. Rudich (FLR-7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, NY 10022
Telephone: (212) 838-3333

Brian Bromberg, Esq.
BRIAN BROMBERG LAW OFFICE, P.C.
40 Exchange Place, Suite 2010
New York, NY 20005
Telephone: (212) 248-7906

Attorneys for Plaintiff Robert Ryersen

* * *

ORDER

Good cause having been shown for the necessity of a Protective Order in this matter, it is hereby ordered that the terms of the Stipulation be followed as specified above.

Dated: _____ 1·31·08 _____

United States District Judge